William P. Bristol and others v. Joseph Johnson and another.

*Equity pleading and practice: Parties: Tax-payers: Injunction.* Separate tax-payers may join as complainants in a bill to enjoin the collection of an invalid tax upon lands.

*Taxation: Legislative power: Constitutional law.* A statute providing for raising money by tax to reimburse a township treasurer for a sum paid by him to the township to make good an amount of the public money of which he had been robbed, is held unconstitutional and void.

*Heard April 7.   Decided June 6.*

Appeal in Chancery from Barry Circuit.

This bill was filed to restrain the collection of a tax in the sum of six hundred dollars, assessed as a township tax for the year 1873, in the township of Johnstown, for the use and benefit of one Henry Bera, a former treasurer of said township, to reimburse him for moneys he had paid over to the township to make good an amount of township moneys which he had lost by robbery while he was such treasurer. The tax was levied by virtue of an act of the legislature, being *Act No. 387 of the Session Laws of 1873.* On the hearing below, the bill was dismissed, and complainants appealed.

*James A. Sweezey,* for complainants.

*Charles G. Holbrook,* for defendant Bera.

GRAVES, J:

Upon full consideration the court fail to see any distinction in principle between this case and others decided formerly. After the reception by Mr. Bera, as township treasurer, of money for the public, it may be assumed to have been taken from him by robbery, as he claims, and there would seem to be no doubt about its having been so taken

from him.   After the loss, he obtained an equal amount by pledging his private estate and applied it to make good the deficiency.    The public was thus made whole, and he was not in debt to it, and neither was the public, by this spontaneous restoration of the amount taken, caused to be in debt to him.    There was unquestionably room for a strong moral appeal to the tax-payers of the township to divide the loss among the whole, instead of leaving it to fall wholly upon him; and the legislature saw fit to enact that the amount should be raised from the tax-payers and refunded to him, and in obedience thereto the sum was spread upon the roll and it became a lien upon the taxable real estate in the township, unless the enactment was invalid.    The defendant Johnson, as treasurer, proceeded to make collection, and some of the tax-payers made payment without bringing into question the legality of the tax; but the complainants resisted and filed this bill, and after answer and proofs, the court below dismissed the complaint.

Whatever may be said in favor of the moral fitness of the purpose to relieve Mr. Bera, there can be no doubt of complainants' right to question their legal obligation or liability in the premises, nor of their right to escape payment if not liable; and that as matter of law they were not liable appears to the court to have been settled beyond controversy.    A repetition of the reasoning of former cases is not necessary, and if further reasons might be added, they are not called for.

The objection based on the joinder of complainants who are separate tax-payers is answered by *Scofield v. Lansing, 17 Mich., 437;* and the more important question concerning the constitutional validity of the act of the legislature is distinctly determined in accordance with the position taken by complainants in *The People v. The Supervisor of Onondaga, 16 Mich., 254.*    The decision there made and this enactment cannot stand together, and in the opinion of the court that case was correctly decided.

It follows that the act for raising the tax is not war-

ranted by the constitution, and that the decree below should be reversed and relief given to the complainants, with their costs in both courts; and the relief will be perpetual injunction.

The other Justices concurred.