Okey, J.
In State v. Harper (6 Ohio St. 607), it was settled, that the felonious taking and carrying away the public moneys in the custody of a county treasurer, without any fault or negligence on his part, does not discharge him and his sureties, and cannot be set’up as a defense to an action on his official bond. The bond involved in the consideration of this case is not different in legal effect from the bond in Harper’s case. In Harper’s case, however, the question presented in this case was in no way _ involved, that is, whether, where such an officer has lost public funds without any fault on his part, it is within the power of the general assembly to provide that the loss thus sustained shall be made to rest on the- people to whom the *232 money belonged, and not on an unfortunate but blameless officer.
That the taxing power is a legislative power admits of no doubt. Lima v. McBride, 34 Ohio St. 338-350. And any limit to this power must be found in the constitution itself. Without undertaking to enumerate or define those limitations, we are clear that the act in question in this case does not fall within any of them, nor does the act violate a provision common to both state and federal constitutions against impairing the obligations of contracts. Bonds like this, where the deficit is of the same character as in this case, are prosecuted in the name of the state (Hunter v. Mercer Co., 10 Ohio St. 515), and the legislature undoubtedly has authority to release obligations which could only be thus prosecuted. Indeed, it is difficult to fix any limit to the power of the general assembly in this respect, where the funds so lost were raised by taxation, which, as we have said, is clearly a legislative power.
Counsel have cited no case in which such power, under a constitution like ours, has been denied, and we have found no such case. People v. Supervisor, 16 Mich. 254, and Bristol v. Johnson, 34 Mich. 123, were placed entirely on a provision in the constitution of that state which is not contained in our constitution, and which provision, it was held, forbids such release by the legislature. And the rule referred to in the beginning of this opinion as to civil actions against the officer, where the funds in his hands have been lost without his fault, is stated by Judge Dillon in the same way, but he adds that such officer will not be liable if he has been “ relieved from this responsibility by statute.” 1 Dillon on Mun. Corp. 296.

Judgment reversed.