Argued May 6, decided May 21, 1912.

## MILLER v. HENRY.

[124 Pac. 197.]

CONSTITUTIONAL LAW—VALIDITY OF STATUTORY PROVISIONS—DUTY OF COURTS.

1. Courts will not pronounce an act of the legislature void or unconstitutional unless the unconstitutionality appears beyond a reasonable doubt.

COUNTIES—NATURE AND STATUS.

2. A county is a subdivision of the State created for administrative purposes, and is subject at all times to legislative control except as limited by the constitution.

CONSTITUTIONAL LAW—VESTED RIGHTS—DISPOSITION OF PUBLIC FUND.

3. As no citizen has any vested right in the revenues of a county, they may be changed and diverted from one public use to another by legislative authority without working any impairment of the contract rights of a citizen.

COUNTIES—LEGISLATIVE CONTROL—DISPOSITION OF PUBLIC FUNDS.

4. The disposition of public funds is a question of public policy of which the legislature is the sole judge, and it may either direct in the first instance that county funds shall be deposited in banks, in which case the officer depositing shall not be liable for loss or diminution, or it may ratify a deposit made and provide for the nonliability of the officer.

CONSTITUTIONAL LAW—IMPAIRMENT OF CONTRACTS.

5. Under Section 2963, L. O. L., which provides that the official bond of county treasurers shall be made payable to the State of Oregon, Laws 1911, p. 42, which released a particular treasurer and his bondsmen from liability for money lost by the failure of a bank in which county funds were deposited, was not unconstitutional as an impairment of a contract with the county under Section 21, Article I, Constitution of Oregon.

TAXATION—VALIDITY OF STATUTES—UNIFORMITY OF TAXATION.

6. Though because of Laws 1911, p. 42, which provided that a particular county treasurer and his bondsmen should not be liable for a sum lost by the failure of a bank in which county funds were deposited, the county might have a larger tax levy than would otherwise be necessary, the act proposes no taxation and provides for no levy, and is not unconstitutional under Section 32, Article I, Constitution of Oregon, which requires that taxation shall be equal and uniform.

TAXATION—VALIDITY OF STATUTES—STATEMENT OF OBJECT.

7. Laws 1911, p. 42, which provided that a particular county treasurer and his sureties should not be liable for a sum lost upon the failure of a bank in which county funds were deposited, is not unconstitutional as repugnant to Section 3, Article IX, Constitution of Oregon, which provides that every law imposing a tax shall state distinctly the object to which it shall be applied, as such provision applies only to the ordinary and general taxes for State purposes and not to local taxes for local purposes.

TAXATION VALIDITY OF STATUTES—COMPLIANCE WITH CONSTITUTIONAL REQUIREMENTS.

8. The court will assume that the statements in a preamble to a legislative enactment are true, in the absence of a direct attack upon their truthfulness, so that where in an action attacking the validity of Laws 1911, p. 42, which provided for the relief of a county treasurer and his bondsmen from liability for county funds deposited in a bank which failed, the truth of statements in the preamble, giving reasons why in equity and justice the treasurer should not be compelled to bear the loss was not attacked, it is sufficient to satisfy Section 3, Article IX, Constitution of Oregon, which provides that every law imposing a tax shall state distinctly the object to which it shall be applied.

From Union: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an injunction by George Miller against J. C. Henry, county judge, J. M. Selders and C. A. Galloway, county commissioners, Ed. Wright, county clerk, and John Frawley, as county treasurer and also individually. The facts are as follows:

In the year 1908, John Frawley, treasurer of Union County, had on deposit in the Farmers' & Traders' National Bank of La Grande the sum of $21,146.31 of county funds. The bank failed, and a receiver was appointed by the Comptroller of Currency to wind up its affairs. In the end depositors, including Frawley, received

55 per cent of their claims, leaving $9,515.84 unpaid, and for which Frawley and his bondsmen were liable to the county. The legislature passed an act in 1911 authorizing and directing the county court of Union County to cancel any claim against the treasurer or his bondsmen on account of such liability, and to refund any amount paid by him to the county by reason thereof. The preamble to the statute recites at length the deposit of the money, the failure of the bank, and sets forth that the county authorities, over the protest of the treasurer, refused to demand the funds from the receiver, but allowed them to be converted into the general funds of the bank and to be used in liquidating its ordinary indebtedness, and that the treasurer was not in any way responsible for the failure of the bank. This suit is brought by a taxpayer to enjoin the cancellation of the claim on the ground that the statute (chapter 26, p. 42, Laws 1911) is unconstitutional.

A demurrer to the complaint was sustained, and an order entered dismissing the suit, from which order plaintiff appeals. AFFIRMED.

For appellant there was brief and an oral argument by *Mr. John S. Hodgin.*

For respondents there was a brief over the names of *Mr. Turner Oliver, Mr. Francis S. Ivanhoe,* District Attorney, and *Messrs. Crawford & Eakin,* with oral arguments by *Mr. Oliver, Mr. Ivanhoe* and *Mr. Thomas H. Crawford.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This case has been very fully and ably presented by both parties and presents a situation at once difficult and delicate—difficult because the courts of this country are not in accord as to the extent to which the legislature can go in matters of this character, and delicate

because we are called upon to pass upon the constitutionality of an act of a co-ordinate branch of the State government.

1. It may be premised that courts will not pronounce an act of the legislature void or unconstitutional unless such unconstitutionality clearly appears beyond a reasonable doubt. *Cline* v. *Greenwood,* 10 Or. 230; *Kadderly* v. *Portland,* 44 Or. 118 (74 Pac. 710: 75 Pac. 222) ; *State* v. *Walton,* 53 Or. 557 (99 Pac. 431: 101 Pac. 389: 102 Pac. 173) ; *Straw* v. *Harris,* 54 Or. 424 (103 Pac. 777).

The particular provisions of the constitution to which the act in question is said to be repugnant are: (1) Article I, § 21, which prohibits the passage of any law impairing the obligations of a contract; (2) Article I, § 32, which requires that taxation shall be equal and uniform; and (3) Article IX, § 3, which provides that "no tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied."

We will consider these objections in the order above stated.

2, 3, 4. It is contended that the bond of the treasurer is a contract with the county, and that this act releases him from the obligation of the bond, and therefore impairs the obligation of the contract. We cannot assent to this view of the law. A county is a subdivision of the State, created by the legislature for administrative purposes, and except as limited by the constitution is subject at all times to legislative control. No citizen has any vested right in its revenues. These may be changed or diverted from one public use to another by legislative authority, and no citizen can complain that his contract rights are thereby impaired. The legislature might in the first instance have directed that county

funds be deposited in banks, and in such event, that the treasurer should not be liable for their loss or diminution. What the legislature can do in the first instance it can afterwards ratify. Its action does not involve a question of power, but of public policy, of which it must be the sole judge. *McSurely* v. *McGrew,* 140 Iowa 163 (118 N. W. 415: 132 Am St. Rep. 248, and cases there cited.)

5. It may further be observed that the only bond required of a county treasurer is given, not to the county, but to the State of Oregon. Section 2963, L. O. L. While it is true that a right to have the benefit of the security, in certain instances, inure to the county, yet the fact that the legislature has required it to be taken in the name of the State indicates a purpose to retain in the lawmaking power a right to direct in some degree, not inconsistent with private rights, the instances in which the security may be utilized by its administrative agents.

The decisions of the various courts upon this subject are not harmonious, but it is believed that the great weight of authority as well as the better reason is to the effect that the legislature possesses the power to cancel liabilities of officers for money lost by them, when such loss was not occasioned by their unfaithfulness or willful misconduct. The following authorities support this view: 37 Cyc. 724; Meachem, Officers, § 913; Dillon, Munic. Cor. (3 ed.) § 75; *McSurely* v. *McGrew,* 140 Iowa, 163 (118 N. W. 415: 132 Am. St. Rep. 248); *Pearson* v. *State,* 56 Ark. 148 (19 S. W. 499: 35 Am. St. Rep. 91); *Mount* v. *State,* 90 Ind. 29 (46 Am. Rep. 192; *Sinton* v. *Ashbury,* 41 Cal. 525; *Creighton* v. *Board of Supervisors,* 42 Cal. 447; *Board of Education* v. *McLandsborough,* 36 Ohio St. 227 (38 Am. Rep. 582); *Town of Guilford* v. *Board of Supervisors,* 13 N. Y. 143;

*People ex rel. Blanding* v. *Burr,* 13 Cal. 343. The contrary view is indicated in the following cases: *Bristol* v. *Johnson,* 34 Mich, 123; *People* v. *Supervisors of Onondaga,* 16 Mich, 254; *McClelland, Trustee,* v. *State,* 138 Ind. 322 (37 N. E. 1089); *Johnson* v. *Board, etc.* 140 Ind. 152 (39 N. E. 311.)

The Michigan cases turn upon the construction of a clause in the constitution of that state, which is not found in ours, namely, "the legislature shall not audit nor allow any private claim or account." The numerous decisions of other states not having this clause in their fundamental law are not referred to or distinguished. So it is plain that the court considered the provision quoted as controlling.

6. The next objection urged is that the act violates the constitutional requirement that taxation shall be equal and uniform. As the act proposes no tax and provides for no levy, it is difficult to see how this objection applies.

"Equality in taxation is accomplished when the burden of the tax falls equally and impartially upon all the persons and property subject to it, so that no higher rate or greater levy in proportion to value is imposed upon one person or species of property than upon others similarly situated or of like character." 37 Cyc. 736.

"While all state taxes must be uniform throughout the state, and all local taxes uniform throughout the particular subdivision of the state by which they are levied, this does not mean that taxes for the same purpose must be imposed in different territorial subdivisions at the same time, or that one subdivision cannot be taxed for a particular local purpose unless the other subdivisions are also taxed." 37 Cyc. 749.

Conceding, therefore, the possibility or probability that greater taxes must be levied by Union County on account of its inability to use the funds remitted in this instance, it does not seem that any principle of uniformity is violated.

7. The last contention is that the act is in violation of that section of our fundamental law which requires that "every law imposing a . tax shall state distinctly the object to which it shall be applied." It is conceived that this clearly applies to taxes levied by law for general State purposes, as for instance, the legislature could not pass a law providing that a general tax of five mills on the dollar should be levied, collected, and paid into the State treasury without specifying the purpose for which the levy was to be made, and this is the holding of the courts. "The constitutions of several states provides that every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied. It is held, however, that this applies only to the ordinary and general taxes for state purposes, and such as are imposed generally on all the taxable property in the state, and not to local taxes for local purposes." 37 Cyc. 728; *In re Ford*, 6 Lans. (N. Y.) 92; *Guthrie County* v. *Conrad,* 133 Iowa, 171, (110 N. W. 454) ; *Guest* v. *Brooklyn*, 8 Hun (N. Y.) 97; *Southern R. Co.* v. *Kay.* 62 S. C. 28 (39 S. E. 785.)

8. The preamble to the act in question sets forth several reasons why in equity and justice the treasurer ought not to be compelled to bear the loss of this money, and in the absence of a· direct attack upon the truthfulness of these statements, such as was made in *People* v. *Supervisors of Onondaga*, 16 Mich, 254, we are justified in assuming that these statements are true. Whether, in any event, we would be justified in finding that the preamble of an act passed by a co-ordinate branch of the State government was untrue, is a matter which we are not now called upon to decide.

The decree of the circuit court is affirmed.

. AFFIRMED.