A. GASPARI et al., Appellants, v. MADISON COUNTY et al., Appellees.

**TAXATION:** Remedies for Wrongful Enforcement—Showing of Illegality. Parties who have seen fit to wholly ignore successful search warrant proceedings against the unlawful keeping of cigarettes will not be permitted to enjoin the collection of a mulct tax which has been entered on the basis of said proceeding, unless the *invalidity* of the tax is clearly made to appear.

**TAXATION:** Levy and Assessment—Irregularity. The *premature* destruction of cigarettes seized under a search warrant, or other *irregular* exercise of jurisdiction over search warrant proceedings, will not invalidate a mulct tax assessed on the basis of such proceedings.

*Appeal from Madison District Court.*—J. H. APPLEGATE, Judge.

APRIL 3, 1923.

ACTION in equity, to cancel the assessment of a mulct tax and to enjoin the collection thereof. On trial to the court, the petition was dismissed, and plaintiffs appeal.—*Affirmed.*

*A. W.* and *Phil R. Wilkinson* and *John A.* and *W. T. Guiher*, for appellants.

*Leo C. Percival*, County Attorney, for appellees.

WEAVER, J.—The plaintiffs Gaspari and Mattiussi were engaged in conducting a restaurant on a certain described lot

owned by their coplaintiff in the city of Winterset. On June
11, 1921, Leo C. Percival, county attorney and
citizen of Madison County, filed an information
in the office of W. W. Cassidy, a justice of the
peace of said county, alleging his belief, upon
good reason therefor, that cigarettes and cigarette papers were
being owned and kept in said restaurant, to be sold, dispensed,
and given away, in violation of law. Upon the filing of such
information, said justice of the peace issued a search warrant,
directed to any peace officer of the county, to search said prem-
ises for cigarettes and cigarette papers, and if any were so found,
to seize and securely keep the same until final action thereon.
The warrant was delivered to the sheriff, who made the search
on the same day, finding and seizing certain cartons and pack-
ages of cigarettes, and made written return of such service. On
June 13, 1921, the justice issued and the sheriff served upon the
plaintiffs a notice of the seizure of the cigarettes, and summoned
said plaintiffs to appear in said court on June 24, 1921, at 10
o'clock A. M. No appearance was made in response to said no-
tice, and the court ordered the destruction of the cigarettes.
The justice's record, put in evidence on the trial of the present
case, appears to indicate that the hearing before said magistrate
was had on June 23, 1921, instead of June 24th, on which latter
date the sheriff destroyed the cigarettes. On the same date, the
justice certified a transcript of the proceedings before him to
the county treasurer, who gave written notice thereof to the
plaintiffs, and informed them that, in accordance with the stat-
ute, Section 5007-b, Code Supplement, 1913, a mulct tax of
$300 had been entered against the property in question. On
July 7, 1921, this action in equity was begun, to cancel the tax
on the ground that the certificate of the justice of the peace to
the county treasurer did not authorize that officer to enter the
tax or to enforce collection thereof. Counsel in argument have
covered a much broader field of inquiry and discussion than is
indicated by the pleadings in the case. There having been no
appearance to the proceedings before the magistrate, and no
appeal, writ of error, or certiorari to review the same, and no
petition to the board of supervisors to remit the tax, this pro-
ceeding in equity to cancel it cannot prevail unless it be made

1. TAXATION:
remedies for
wrongful enforce-
ment: showing
of illegality.

clearly to appear that the tax is wholly void for want of authority or jurisdiction to assess it.

The appellants in their brief specify several propositions relied upon for a reversal of the decree of the district court, as follows:

1. "That the court erred in holding the tax was legally assessed."

This is the statement of a mere general conclusion, without any specification of the grounds thereof, and presents nothing for us to review.

2. "That the court erred in holding that appellants are not entitled to any notice and hearing of the search warrant proceedings for the destruction of the cigarettes seized."

If by this exception is meant that a search warrant can issue only upon notice to defendants, we think it clear that no original or preliminary notice is required, precedent to the issuing or service of the warrant. The statute does not provide for such notice, and in the nature of the case such a restriction would defeat the very purpose the warrant is intended to effectuate. And if the objection made is that such notice is necessary to a valid order for the destruction of the cigarettes, we think it must be said that, even if the objection is well taken, it does not follow that an error in that respect renders the tax void. The order for the destruction of the cigarettes is a mere incident in the proceedings for the enforcement of the law, and not a condition precedent to the assessment or collection of the tax. We therefore regard it unnecessary, for the purposes of this action in equity, to inquire or determine whether the order to destroy was prematurely made, or whether the apparent discrepancy or confusion in dates is merely a clerical blunder in making up the record. It does appear that a notice was, in fact, given, but there is no pretense that any appearance or response thereto was made or attempted to be made on either of the dates named, or that plaintiffs were in any manner deceived or misled.

2. TAXATION: levy and assessment: irregularity.

The third objection is that "the court erred in holding that a strict compliance with the statute was not necessary," and "in holding that the search warrant was legally issued."

Here again it must be said that the proposition stated is

entirely too general to indicate to this court the specific nature of the appellants' complaint. If, for enlightenment on this point, we turn to counsel's argument, we find it urged that the court did not proceed in strict compliance with the general statute on the subject of search warrants, Code Sections 5547 to 5558. The use of such warrants in proceedings to enforce the law against sales of cigarettes and to assess mulct taxes on account of its violation is provided for by a special or distinct statute, which prescribes the procedure and the remedies (Section 5006, Code, 1897, and Sections 5007-a and 5007-b, Code Supplement, 1913); and substantial compliance therewith is sufficient, as against any plea to the jurisdiction of the court. If there be any material error in the manner of exercising that jurisdiction, it is subject to review and correction upon appeal, but does not justify equitable interference by injunction. In proceedings so authorized under the statute, a justice of the peace is clothed with jurisdiction of the subject-matter; and in the record before us, we discover no fatal departure from the statutory procedure which renders void the judgment or orders entered thereon.

Counsel say that the statute, Sections 5007-a and 5007-b, Code Supplement, 1913, indicates the legislative intent to compel the bringing in of the keeper of the place, along with the cigarettes seized, in order that there may be no question but that he had opportunity to assert or prove his defense, if any he has. It is urged that this indicates that a warrant of arrest must be issued against the person charged with violation of the law, and that, as the record does not disclose any such warrant or arrest in this case, there was no jurisdiction to condemn the cigarettes or to assess the tax. If the purpose of the statute referred to is to bring knowledge of the proceedings home to the persons charged with violating the law, and afford them opportunity to make a defense, if any they have, the plaintiffs in this case are hardly in a situation to make serious complaint. They did have ample notice of the proceedings, and were given opportunity to contest the proceedings against their property, but chose to ignore it. It would be a most unreasonable, not to say illogical, proposition to say that the tax may be avoided because the proceeding against their property was not emphasized by

their arrest. He who violates this law exposes himself to a triple liability: punishment for the crime, destruction of his cigarettes, and the imposition of a mulct tax upon the property used in the unlawful business. If arrested and convicted for the offense, the right of the court to assess the punishment does not depend in any degree upon the question whether the cigarettes have been condemned or destroyed or whether the mulct tax has been imposed; and *vice versa,* the liability of his property to the mulct tax does not necessarily depend on whether his cigarettes have been judicially condemned or destroyed, or upon his conviction on a criminal charge.

Counsel have cited us to numerous precedents relating to the necessity of compliance with the law in assessing property for taxation, with all of which we have no quarrel; but we cannot agree that they are applicable or controlling in this case. Upon that point we may well adopt the language of the learned trial court, who concludes a carefully prepared opinion discussing the plaintiff's petition as follows:

"In view of the fact that plaintiff's counsel stressed the fact that it has been uniformly held that there can be no taxation except as authorized by statute or constitutional provision, and that the taxing power can be exercised only in accordance with the forms of the law, it is proper that I should add that there is a difference in the facts in the cases so holding, from the facts in this case. In the cases referred to, the taxing power not only created the conditions that authorized the tax, but likewise fixed the amount thereof. Not so in this case. The law fixes the conditions that make the tax due, and also fixes the amount of the tax. As an illustration of the first, see *Chicago, M. & St. P. R. Co. v. Phillips,* 111 Iowa 377, and as an illustration of the last, see *Hodge v. Muscatine County,* 121 Iowa 482, and *Newton v. McKay,* 130 Iowa 596. The *Hodge* case was appealed to the Supreme Court of the United States, and by that court affirmed."

For the reasons stated, the decree of the district court is— *Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.