## CITY OF SHERIDAN vs. LITMAN
(No. 1201, September 2nd, 1924; 228 Pac. 628.)

LICENSES—OCCUPATION TAX—MUNICIPAL ORDINANCES—COMPLAINT UNDER ORDINANCE—DUPLICITY—DEMURRER—MUNICIPAL REVENUE —TAX LIMITATIONS—BUSINESS COMPRISING VARIOUS ARTICLES OF STOCK NOT TAXABLE AS SEPARATE BUSINESSES.

1. In prosecution under a city ordinance, requiring dealers in specified articles to pay certain occupation taxes, a complaint charging that defendant carried on and conducted business of selling dry goods, shoes, and millinery was sufficient, although not alleging that defendant was a dealer in those articles.

2. Technical nicety of pleading is not required in a complaint for violation of an ordinance.

3. A complaint charging that accused carried on and conducted business of selling dry goods, shoes, and millinery, without paying an occupation tax required by ordinance, *held* to charge that, by the same act or same series of acts, defendant conducted one business, in which were combined three taxable businesses, and not to be objectionable for duplicity.

4. In a prosecution for conducting business without licenses, complaint *held* not demurrable for failure to describe number and kinds of licenses that accused omitted to procure, to state amount of unpaid tax, and to show whether he conducted a business as owner or as employee.

5. Where "license tax," imposed by ordinance enacted pursuant to C. S. 1920, § 1949, was purely for revenue purposes, city claiming no right under its police power to regulate defendant's business, and required license, as receipt for the tax, being only an incident, *held*, that reference by the statute and ordinance to "license tax,"

instead of denominating it an "excise," "occupation," or "privilege" tax, was immaterial.

6. Unless restricted by Constitution, the Legislature may impose tax on occupations, and may delegate that authority to municipalities.

7. C. S. 1920, §§ 1824, 1963, 2931, 2933, providing for tax levy each year, were intended to refer to property tax and do not render invalid a city ordinance fixing an occupation tax to be paid annually for two years.

8. Taxes on occupation, for the privilege of doing business, are not ordinarily subject to statutory or constitutional restrictions on property taxation.

9. Const. art. 15, § 6, and C. S. 1920, § 1963, limiting tax levy for cities and towns, refer to property taxes, and do not apply to occupation taxes.

10. An occupation tax is not invalid because it is in addition to an ad valorem tax on property used in the business.

11. A city ordinance, levying occupation taxes, which stated that it was laid for "general revenue purposes," and "for the purpose of raising revenue for the city during the time mentioned," sufficiently stated purpose of tax, to comply with Const. art. 15, § 13.

12. An ordinance taxing occupations, and providing that one having a business in which enumerated businesses were combined into one should pay a prescribed tax for each of them, did not authorize or contemplate that one who had paid tax on his business should be required to pay additional tax for dealing in various articles of his stock in trade.

13. Where two or more businesses are conducted by the same person in the same building, each business may be made subject to a tax.

14. In prosecution for conducting several taxable businesses combined as one, without paying tax as required by ordinance, under which person, in such case, had to pay tax for each business, proof that defendant carried on one of such businesses without tendering tax imposed on that business sustained conviction.

NOTE—See Headnotes (1) 37 C. J. p. 268; (2) 28 Cyc. p. 796; (3) 37 C. J. p. 268; (4) 37 C. J. p. 268; (5) 37 C. J. p. 188 (1926 Anno); (6) 37 C. J. pp. 174, 176; (7) 37 C. J. p. 188; (8) 37 C. J. p. 171; (9) 37 C. J. p. 172; (10) 37 C. J. p. 211; (11) 37 C. J. p. 186; (12) 37 C. J. p. 210; (13) 37 C. J. pp. 210, 269.

Appeal from District Court, Sheridan County; James H. Burgess, Judge.

Prosecution by the City of Sheridan against F. Litman, under a municipal ordinance requiring payment of occupation tax; Defendant was convicted in municipal court, and on appeal in the District Court of a violation of an ordinance, and appeals.

*Camplin & Camplin* for appellant.

The complaint did not state an offense under the ordinance; neither court had jurisdiction, 7340-41 C. S.; the complaint attempted to charge several offenses; it did not charge defendant with being a dealer; ordinance 529 confers official arbitrary power to decide the nature of one's business where it comprises various lines of stock, and is unconstitutional, Art. I, Section 7; State v. Court, 193 Pac. 845; Yick v. Hopkins, 118 U. S. 356; the ordinance does not conform to the statute, 1949 C. S., State v. Sheridan, 25 Wyo. 356; Gray v. Omaha, 114 N. W. 600, 2 Lewis Const. 994; Gunding v. Chicago, 20 Sup. Ct. 633; there is no authority to levy a different tax on different parts of the same business, McMillan v. City, 202 S. W. 65; the title is defective, Art. III, Section 24; Divet v. Co., 76 N. W. 993; it does not prohibit selling, Scriven v. City, 162 Pac. 307; City v. Ry. Co., 156 Pac. 1058; different goods do not constitute two businesses, State v. City, supra, Carney v. Hamilton, 42 So. 378; City v. L. Co., supra; Ex Parte McCoy, 101 Pac. 425; the City is without authority to levy a tax beyond the current year; levies and appropriations must be made for each year and verified to the County Board, 1824, 2931, 2932, 2933 C. S.; the ordinance violates limitations fixed by the Constitution, Art. XV, Sections 6-13, Art. XIII, Section 3, Const., no tax shall be levied except in pursuance of law, the object to be stated; the ordinance conflicts with 1953 C. S. being a general revenue measure it must conform to other tax laws, Western Union v. City, 81 So. 199; the ordinance attempted to follow 1949 C. S. which confers no

power to refund taxes; the tax must be levied on a business and must be certain, fixed and definite; there is no lawful authority to confer discretion on officers to decide the nature of a business made up of several businesses; the ordinance is penal and thereby strictly construed; arbitrary power is prohibited, Art. I, Section 7, Const., the taxing power of municipalities is restricted by the Constitution, Art. XIII, Sec. 3, Art. XV, Secs. 6-13; a tax on the privilege of selling is a tax on the goods sold, Kehrer v. Stewart, 44 S. E. 854; Brown v. Maryland, 12 Wheat 419; Welton v. Missouri, 91 U. S. 275; being a general revenue measure the ordinance is subject to the general restrictions and limitations of the Constitution.

*H. Glenn Kinsley* for respondent.

The complaint charges an unlawful carrying on of business and selling of goods; the agreed statement of facts waives technical objections to the complaint, Willard v. Wood, 135 U. S. 309; any occupation carried on for a livelihood is a business, Express Co. v. Co., 124 Ga. 581, 5 L. R. A. (NS) 619; a business may comprehend several parts; one cannot attack a privilege tax while admitting some amount due for the privilege, but fails to make a tender, Camas Co. v. Kozer, 104 Ore. 600, 309 Pac. 95; this is not a property tax, Los Angeles v. Co., 152 Cal. 765, 93 Pac. 1006; 21 Ency. Pl. of Laws 775; it is not affected by constitutional limitations, People v. Naglee, 1 Cal. 232, 52 Am. Dec. 312; general municipal taxes are levied by Counties, Chap. 181 C. S., an occupation tax is on business and not on property, 29 Cyc. 1346; the amount of the tax is within the discretion of the municipal authorities, McQuillin Vol. 3 Page 2233; the ordinance states the object of the tax to be for general revenue purposes and was enacted pursuant to 1949 C. S., it is a charge for the privilege of carrying on certain business; an ordinance may be passed effective for a specified time only, McQuillin 1453; it is not a property tax; its reasonableness cannot be determined by the extent

of the business of the individual; the amount of the tax is reasonable, Bradford v. Jones, (Ky.) 135 S. W. 290; an individual carrying several lines may be taxed for each, Mobile v. Craft, (Ala.) 10 So. 534; State v. Willington, 9 Wyo. 290; City v. Clark, 52 S. E. 881; Express Co. v. Rose, 124 Ga. 581; a municipality must be granted a large discretion in framing regulatory and revenue measures, Wichita Co. v. City, (Kans.) 209 Pac. 667.

KIMBALL, Justice.

This action was commenced in the municipal court of the City of Sheridan by the City, as plaintiff, against F. Litman, defendant. The complaint charged that on or about October 18, 1922, in said city, the defendant ''did unlawfully carry on and conduct the business of selling dry goods, shoes and millinery without first having paid a license tax provided in Ordinance 529 of the City of Sheridan, Wyoming, passed, adopted and approved May 9, 1922.''

The trial in the municipal court resulted in the conviction of the defendant, who was fined $5. He appealed to the district court, where the case was tried anew on stipulated facts. The district court also found the defendant guilty and assessed the same fine. The defendant brings the case here by appeal.

The ordinance is question is entitled,

''An Ordinance levying an annual license tax for two years from June 1, 1922, to June 1, 1924, for general revenue purposes, on persons, associations of persons, firms and corporations conducting, carrying on, and trafficking in certain trades, professions, occupations and businesses within the limits of the City of Sheridan, and providing for the collection hereof, and providing penalties for the violation hereof.''

By section 1 of the ordinance it is provided:

"That there be and is hereby levied an annual license tax for the two years from June 1, 1922, to June 1, 1924, for general revenue purposes, upon all persons, associations of persons, firms and corporations, conducting, carrying on, and trafficking in, within the limits of the City of Sheridan, any of the businesses hereinafter specified, and conducting, carrying on, and trafficking in any of the trades and occupations hereinafter specified, and conducting, carrying on and trafficking in any of the professions hereinafter specified, for the privilege of conducting, carrying on, and trafficking in such businesses, trades, occupations and professions in said city, in the amounts set opposite such respective businesses, trades, occupations and professions, as follows:"

There are then enumerated about 100 occupations, with the amount of the tax for each, including "Dry Goods Dealers, $25.00," "Millinery Dealers, $15.00," and "Shoe Dealers, $25.00."

It is then provided:

"that where any person, association of persons, firm or corporation shall have a business, trade, occupation, or profession in which any of the above enumerated businesses, trades, occupations or professions are combined into one business, then and in that event the said person, association of persons, firm or corporation shall pay the prescribed license tax for each of the businesses, trades, occupations, or professions included in the said combined business; and payment of one license tax shall not relieve any person from paying any other license tax for which he may be liable under this or any other license ordinance of this city."

By section 2 the tax is required to be paid in advance in full for the ensuing year at the office of the City Clerk who, upon payment of the tax, shall issue the license.

Section 6 makes provision for refunding a part of the tax when the business is abandoned before the expiration of the year for which the tax has been paid.

Section 8 provides the penalty for "carrying on, conducting or trafficking in any such trade, occupation, business or profession" without first having paid the license tax.

Section 9 recites that the ordinance is passed pursuant to section 1949, Wyo. Comp. Stat. 1920, for the purpose of raising revenue for the city during the time mentioned.

Other provisions of the ordinance are not material on the questions raised.

It is contended that the complaint was insufficient. The complaint contained no charge in so many words that the defendant was a "dry goods dealer," or a "shoe dealer," or a "millinery dealer," but did charge that he carried on and conducted the business of selling dry goods, shoes and millinery. It may be admitted that a person might sell dry goods or shoes or millinery without being a "dealer" in those goods within the meaning of the ordinance. Here, however, the defendant was charged not only with selling, but with carrying on and conducting the business of selling. We have heretofore recognized the principle that technical nicety in pleading is not required in a complaint for the violation of an ordinance. Stutsman v. Cheyenne, 18 Wyo. 499, 509, 113 Pac. 322. It would seem, further, that defects in pleadings may be considered waived by the submission of a case on an agreed statement of facts. Brettim v. Fox, 100 Mass. 234; Willard v. Wood, 135 U. S. 309, 314; 10 Sup. Ct. 831, 34 L. Ed. 210; United States Nat. Bank v. Great Western Sugar Co., 60 Mont. 342, 351, 199 Pac. 245. It is hardly necessary, however, to invoke these principles to sustain the complaint in the case at bar, for we think it is clear that one who conducts a business of sell-

ing dry goods, shoes or millinery is a "dealer" in those goods within the meaning of the ordinance and engaged in a taxed occupation.

The complaint is also challenged for duplicity. It is contended that the defendant was charged with three offenses, and that the city should have been required to separate the charges or to elect between them. We do not accept this view. It is our opinion that the complaint charges that by the same act or the same series of acts the defendant conducted one business in which were combined three taxable businesses. Only one offense was charged. If the defendant conducted all the stated businesses combined in one business, he violated the ordinance but once, and he violated it equally if he conducted any one of the stated businesses. State v. Tobin, (Wyo.) 226 Pac. 681, 685, and authorities there cited.

It is also claimed that the complaint should have stated the amount of the unpaid tax; that it should have described the number and kinds of licenses that the defendant omitted to procure, and that it should have shown whether the defendant conducted the business as owner or as employee. No authorities are cited in support of these contentions and we deem it necessary to say only that we believe the complaint stated facts sufficient to constitute an offense under the ordinance, and that it was not demurrable for failure to contain the suggested allegations.

The validity of the ordinance is questioned on several grounds. In enacting the ordinance the City assumed to exercise the authority granted by section 1949, Wyo. C. S. 1920, which, so far as now material, reads as follows:

"For the purpose of raising revenue, any city or town incorporated under special or general laws of the state of Wyoming, is hereby authorized to levy and collect a license tax on any business whatsoever conducted, carried on, or trafficked in within the limits of such city or town and the city or town council is hereby authorized to enact an ordin-

ance carrying into effect the provisions of this section. All such license tax shall be uniform in respect to the class of business upon which imposed;   *   *   *."

It is conceded that the "license tax," as authorized by the statute and imposed by the ordinance, is purely for revenue purposes. The right to exact the tax depends on the power of the city to tax occupations. The city claims no right under its police power to regulate the defendant's business, and the required license, as a receipt for the tax, is only an incident. Cooley on Taxation, (4th Ed.) Sec. 1785. With these matters understood it is of no moment that the statute and the ordinance refer to a "license tax" instead of denominating it an "excise," "occupation," or "privilege" tax.

Unless restricted by the constitution, the legislature in the exercise of its taxing power has authority to impose such a tax, and may delegate that authority to municipalities. Cooley, supra, Secs. 1679-1680; Dillon on Municipal Corp. (5th Ed.) Sec. 1410; McQuillan on Municipal Corp. Sec. 986. We are pointed to no provision of our constitution that prohibits a tax on occupations either by the legislature or by cities acting under statutory authority. We understand, therefore, that it is not claimed that section 1949, supra, is invalid, but that it conceded that that statute confers on cities the right to exact occupation taxes which, it is assumed, must stop short of confiscation, must not be so oppressive as to prohibit the following of the ordinary and usual useful occupations, and, as stated in the statute, must be uniform on the classes of business upon which the taxes are imposed. The grounds on which the ordinance is challenged go to the manner of exacting the tax, and the right of the city to exact it under the existing circumstances.

It is claimed that the ordinance is invalid because it imposes a tax for two years, whereas the general taxing laws (citing sections 1824, 1963, 2931-2933, Wyo. C. S. 1920) contemplate that taxes shall be levied annually for the cur-

rent or fiscal year. Taxes on occupations—on the privilege of doing business—are to to be distinguished from property taxes, and statutory or constitutional restrictions on property taxation are ordinarily inapplicable to occupation taxes. Cooley, supra, Sec. 1676, 1681. In our opinion the provisions for a tax levy each year were intended to refer to property taxes, and cannot be held to prevent the fixing of an occupation tax to be paid annually during a period longer than one year if the ordinance remains unrepealed. Canova v. Williams, 41 Fla. 509, 513; 27 So. 30; Caspari v. Madison County, 195 Ia. 1103, 1107, 192 N. W. 855. For the same reasons, section 6 of article 15 of the constitution and section 1963, supra, of the statutes, limiting the levy for cities and towns to eight mills on the dollar, do not apply to occupation taxes. Cooley, supra, Sec. 168; Gray on Lim. of Taxing Power, § 2007; Parsons v. People, 32 Colo. 221; 76 Pac. 666; State v. Wetz, 40 N. Dak. 299; 168 N. W. 835, 5 A. L. R. 731; Ex parte City Council of Montgomery, 64 Ala. 463. It is also well settled that an occupation tax is not invalid because it is in addition to an ad valorem tax on the property used in the business. Cooley, supra, § 232, and cases there cited.

Section 13 of article 15 of the State Constitution provides that "every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied." It is contended that the ordinance in question does not state the object of the tax in conformity to this provision. Similar provisions are to be found in other state constitutions, and their effect is discussed in Cooley, supra, at sections 500 and 1030, and in 37 Cyc. 728. We have found no authority for holding the tax invalid for failure of the ordinance to state the object of the tax. Under some of the authorities the constitutional provision would be held inapplicable to local taxes for local purposes, or to occupation taxes. 37 Cyc. 728; Matter of McPherson, 104 N. Y. 306, 230; 10 N. E. 685, 58 Am. Rep. 502; State v. Ross, 101 Kan. 377; 166 Pac. 505; Miller v. Henry, 62 Or. 4, 124 Pac. 197,

41 L. R. A. (N S) 97. If the constitutional provision be applicable to the tax in question, we think the object is sufficiently stated when it appears from the ordinance that the tax is laid by the city for ''general revenue purposes,'' and, again, that it is ''for the purpose of raising revenue for the city during the time mentioned.'' As stated in Cooley, at section 500, supra, the purposes of government are so infinite in variety that the specification of the object of a tax must for the most part be very general, or the constitution cannot be complied with. The object of the tax in question was to raise revenue for municipal purposes. That object is distinctly stated, and we think the constitutional provision, if applicable at all, has not been violated See People v. Supervisors of Orange County, 17 N. Y. 235; Westinghausen v. People, 44 Mich. 265; 6 N. W. 641; Mt. Pleasant v. Eversole, 96 S. W. 478, 29 Ky. Law. Rep. 830; Commonwealth v. Brown, 91 Va. 762, 21 S. E. 357, 28 L. R. A. 110.

Other objections to the ordinance refer to that part which requires a tax to be paid on each business where two or more businesses are combined in one. It is contended that this gives the city clerk arbitrary power, and argued that a merchant who had paid the tax on his business may be required by the clerk to pay an additional tax for dealing in the various articles of his stock in trade, and that the merchant may thus be required to pay a tax on several businesses when in fact he is engaged in one only. We think the ordinance neither authorizes nor contemplates any such action. We may concede, as the authorities seem to hold, that where a license to do a business has been exacted, another license cannot be required for the doing of an act or series of acts constituting an integral part of such business, but this does not mean that where two or more businesses are conducted by the same person in the same building each business may not be subject to a tax. Cooley, supra, §§ 233, 1684; Keely v. City of Atlanta, 69 Ga. 583; Red Arrow Garage & Auto Co. v. Carson City (Nev.) 225 Pac. 487. It

is not contended that the city in imposing the tax did not have the right to classify dealers in merchandise so as to tax separately dry goods dealers, millinery dealers and shoe dealers. The contention seems to be that the defendant was only a dry goods dealer, and neither a millinery dealer nor a shoe dealer. If this be granted, the judgment of the district court must nevertheless be sustained. There can be no doubt that that court was justified in finding from the agreed statement of facts that from June 1 to October 18, 1922 the defendant carried on the business of a dry goods dealer without first having paid or tendered the tax on that business. We have already said that the complaint charged but one offense and that the charge was supported by proof that defendant carried on all or any one of the businesses mentioned. The ordinance requires the tax to be paid in advance and prescribes a penalty for carrying on any taxed business without first having paid the tax. These provisions of the ordinance are not made the subject of attack. If the defendant expected in an action of this kind to try out the question of his liability to a tax as millinery dealer and shoe dealer separate from the question of his liability as a dry goods dealer he should not have conducted the latter business, as he admits having done, without first either paying or tendering the tax admitted to be due.

The other questions raised by defendant's brief have been given careful consideration, but are not of such importance as to require discussion in this opinion. As we believe the ordinance was a valid exercise of the taxing power, and the defendant admitted its violation, the judgment of the district court will be affirmed.

*Affirmed.*

Potter, Ch. J., and Blume, J., concur.