Caruthers, J.,
delivered the opinion of the Court.
The recorder of the city of Chattanooga issued a warrant in debt against Meaher for fifty dollars, which, as stated in the warrant, he owes “ in consequence of a forfeiture or penalty, incurred for a misdemeanor for keeping a disorderly house in the city of Chattanooga^ contrary to the provisions of the 10th section of an act passed by the mayor and aldermen 7th' January, 1852.”
*76 The 10th section referred to creates the misdemeanor, and the 14th section of the same ordinance prescribes the penaly, thus-; “ whoever 'Shall be convicted of a misdemeanor under any of the provisions of this ordinance, shall forfeit and pay to this city a sum of not less than three nor more than fifty dollars.”
Judgment was given by the recorder against the defendant for $20, and the case was taken to the Circuit Court by certiorari, where the same was dismissed, and is brought here 'by writ of error. Upon the facts stated in the petition, the following questions are made and argued;
1. It is contended that the action for the forfeiture would not lie until a conviction was first had for the misdemeanor. W.e think two proceedings unnecessary. To sustain the action for the penalty it would be in-dispensible to prove the offence stated in the warrant. There was no -penalty to be recovered if the misdemeanor did not exist. As a part of the case — the very foundation of it — the offence would have to be made out before the recorder. How could there be a separate proceeding? There was no power to indict — the city can only operate by fines, forfeitures and penalties, and then to be recovered by warrant. If the fine, forfeiture, or penalty^ — for the name Is not so material — is fixed by the ordinance, for any particular thing, that may be recovered by warrant, and the only proof reqiured is, that the offence or act to which such fine or forfeiture is attached has been committed. Debt is the proper action for penalties prescribed for certain offences by acts or ordinances. This is the well settled law, and has been recognized at the present term.
*77 2, The second ground relied upon to reverse is, that the warrant was issued without any “complaint on oath”' made before him, as required by the 1st section of the ordinance of 1852. When such complaint is made, the-ordinance requires that he “shall” issue a warrant for the arrest of the offender, but he is not precluded from issuing it without such oath, or upon his own knowledge. If he were sued for malicious prosecution this might be a matter of consideration, but it is presumed it does not vitiate the proceedings.
These two objections were taken by pleas in abatement before the recorder, and in the petition for certi-orari, which was dismissed by the Circuit Court. The offence of keeping a disorderly house is not denied in the petition, and so no merits are, shown.
The petition was properly dismissed, and the judgment will be affirmed.