State *v.* Maso.n

3L 649
16L 251

THE STATE *v.* C. T. MASON, Mayor of Pulaski.

1. STATE TAX. *Trials by Mayor or Recorder.* Upon trials on warrants issued by a Mayor or Recorder for a violation of a town ordinance, the State is not entitled to the tax of $2.

2. SAME. *Same.* Warrants issued by a Mayor or Recorder to recover penalties for violation of the ordinances of a town, are not State prosecutions, nor is such a trial a bar to a prosecution for an offense against the laws of the State committed by the same act.

FROM GILES.

Appeal in error from the Circuit Court of Giles county. W. S. McLEMORE, J.

Z. M. EWING for the State.

N. SMITHSON for Mason.

DEADERICK, C. J., delivered the opinion of the court.

On the 25th of November, 1879, a motion was entered in the Circuit Court of Giles county, by the State against defendant, as Mayor of Pulaski, for failure to assess, collect, account for, or pay over, the revenue due the State upon law suits tried before him as Mayor of Pulaski, amounting to $14. A list of cases, seven in number, it is agreed had been tried before the Mayor, in which cases the State claimed a tax of $2 to each, on the ground that said costs were " criminal cases," under section 553*a*, sub-sec. 78, of

T. & S.'s Addenda to Code, being the act of 1871, ch. 62, sec. 1.

That sub-section provides that in all criminal causes before any mayor or recorder's court in this State, the defendant, or the party taxed with the costs, shall pay a State tax of two dollars, to be collected," etc., as in cases of justices of the peace, sheriffs and constables, under the preceding section.

The preceding section referred to, is sub-section 77, and provides that a State tax of two dollars be imposed " in all criminal cases submitted, under the small offense law, before a justice of the peace.

Both sections probably referred only to such criminal cases as were submitted under the small offense law, and sub-section 78 was intended to confer on mayors and recorders, who had jurisdiction with justices of the peace of such offenses, the same power to take submissions, etc., exercised by justices of the peace.

And it was not the intention of the Legislature to impose a tax of two dollars upon all cases tried by a mayor or recorder, having such jurisdiction, while in cases before a justice of the peace such a tax was imposed only in cases of submission.

But however this may be, the acts cited contemplate offenses which are prosecuted as violation of the laws of the State, as contradistinguished from penalties imposed for violations of municipal ordinances, imposed, not by an officer of the State, but by an officer of such municipality.

In this case it appears from the facts agreed on, that the parties were arrested upon warrants issued by

State *v.* Mason.

the mayor for offenses against the by-laws and ordinances of the town of Pulaski, and were so issued by him as mayor and not as an officer of the State, and were tried by him as mayor, for offenses against the ordinances of said town only, and not for any violation of the State's laws.

The Circuit Judge held that the mayor was not liable on the motion, and the State appealed.

No State tax was assessed or collected in either of the cases. The warrants issued by the mayor to recover penalties for violations of the ordinances of the town, are not State prosecutions for crime, as has been several times held by this court in unreported cases, nor does such a proceeding to recover a fine, tried upon the mayor or recorder's warrant for violation of a town ordinance, form a bar to a prosecution for an offense against the laws of the State, committed by the same act.

There is no error in dismissing the motion, and the judgment is affirmed.