Sparta *v.* Lewis.

## SPARTA *v.* LEWIS.

### (*Nashville.* March 17, 1892.)

1. SUPREME COURT. *Will not set aside verdict, when.*

Doctrine re-affirmed and explained that Supreme Court will not set aside the verdict of a jury in a civil case upon consideration of the facts alone, if there is any evidence *to sustain the verdict.*

Cases cited: Railroad *v.* Maloney, 89 Tenn., 332; England *v.* Burt, 4 Hum., 399; Dodge *v.* Brittain, Meigs, 84; Tate *v.* Gray, 4 Sneed, 592.

2. SAME. *Same. What is a civil case within this rule.*

And a suit brought by a municipal corporation before its Recorder to recover of an offender the penalty imposed by its ordinances for assault and battery, is a civil case within the meaning of said rule.

3. REASONABLE DOUBT. *Not applicable, when.*

And upon the trial of such action the plaintiff is not required to make out his case beyond reasonable doubt, but only by a preponderance of evidence.

Cases cited and approved: Hill *v.* Goodyear, 4 Lea, 233; McBee *v.* Bowman, 89 Tenn., 132.

---

### FROM WHITE.

---

Appeal in error from Circuit Court of White County. JOHN FITE, J.

E. JARVIS for Sparta.

HILL & MITCHELL, M. A. CUMMINGS, and W. J. FERRIS for Lewis.

SNODGRASS, J. On a warrant sued out in favor of the corporation of Sparta, the defendant, Pate Lewis, was brought before the Recorder of that municipality on a charge of assault and battery, which, among other offenses, was one specially punishable by city ordinance, under which he was sued. He was found guilty, judgment rendered against him in favor of the corporation for ten dollars and cost, and he appealed to the Circuit Court. There, after trial before a jury, judgment was rendered in his favor, and the corporation appeals to this court.

Two objections are made here to the judgment and action of the Circuit Court; one that there is great preponderance of evidence against the verdict, and the other that the Court erred in charging the jury that before it could find against defendant it must be satisfied beyond a reasonable doubt of the guilt of defendant or acquit.

The language in which the first proposition—that there is "a great preponderance of evidence against the verdict"—is couched, is quoted from *England v. Burt*, 4 Hum., 399. There, in affirming a judgment, the Court did use the language quoted, that under a line of cases already settling it, this Court would not disturb a verdict approved by a Circuit Judge unless there was a *great* preponderance of evidence against it. The Court did not

attempt then to make a rule or to state more than the effect of it. What the "great preponderance" must be it did not suggest in that case, but it referred to a rule already established. That rule was, that the verdict would not be disturbed if there was any evidence to sustain it. *Dodge* v. *Brittain*, Meigs, 84; Car. Hist. Lawsuit, Sec. 411; *Tate* v. *Gray*, 4 Sneed, 592.

Afterwards, when the term preponderance was used in this connection, it was put in the form of saying, unless the evidence so overwhelmingly preponderates against the verdict that the Court can see it is clearly wrong; and in some cases other terms have been used; but all these expressions refer to the same rule, and mean the same thing in legal effect and intent, and the rule remains now, as it always has been in this Court, that a verdict will not be disturbed if there is *any evidence to sustain it.* *Railway Co.* v. *Maloney*, 5 Pickle, 332.

In some recent cases, to the term "any evidence" of the rule has been prefixed the words "material" or "legitimate," "substantial" or "competent;" but these add nothing to it not already implied in its use without them. *Trott* v. *West*, Meigs, 168.

They tend rather to weaken the strength of the term by addition of unnecessary expletives. It was never decided or thought that any immaterial or illegitimate, unsubstantial or incompetent evidence was sufficient, nor that *"any evidence"* alone was sufficient, but "any evidence *to sustain the verdict."*

This always meant any competent, material, substantial, connected evidence legitimately establishing the proposition decided, though there might be much or little evidence to the contrary.  It did not mean that if there were any evidence of facts tending to establish one element of a proposition proven, the whole proposition of several elements might be regarded as proven, but only that where the evidence made out, as an entirety, a *prima facie* right to a verdict, and the jury· so found, it was evidence sufficient to sustain the finding.  For the same reason, it never meant that where one or more facts material to be established were established out of several necessary to be proven to sustain a verdict, that the establishment of that one or more by competent evidence, substantial, material, and legitimate, should justify or sustain a verdict, although both these supposed are cases where there is evidence, and material, competent, substantial, and legitimate evidence.  But they are not cases where there is evidence "*to sustain the verdict;*" and there must always be this in any case if it is sustained in this Court.  When it is sustained, it is not upon the ground that there is "any evidence" in the case, or any material, substantial, competent, legitimate evidence *in the case*, but upon the ground that there is "evidence which *sustains the verdict."*

The real question in this case is involved in the second objection—that is, whether this case is within the rule as to preponderance of evidence, or must the evidence exclude reasonable doubt.

It is argued that the offense is criminal, and that, before the corporation can recover, it must show defendant guilty by the same evidence as if it were a prosecution by the State on presentment or indictment. This view is erroneous. The action is not a criminal prosecution. It is not a trial between the State and defendant, nor on present-ment or indictment by and before a jury. If it were, the evidence would have to be entirely sat-isfactory. But this is in the nature of a suit for debt. · It is not a prosecution, but a · suing in Court to recover a penalty for the violation of a city ordinance. The · case was triable before a Re-corder. On appeal it was in fact tried by a jury, it is true, but only as all civil cases are or may be, but not on presentment or indictment. In criminal trials proper, the jury · must be satisfied beyond a reasonable doubt of defendant's guilt. There are, too, civil issues as to resulting trusts, etc., and on pleas of justification in slander · and libel and other cases, in which positive statute or settled rules of construction, in view of a wise policy, require a given kind or amount of evi-dence; but this case falls within no exception of the classes indicated. Cases merely involving civil redress for criminal offenses need only to be made out by a preponderance of evidence. Of course the evidence must preponderate after due allowance in defendant's favor of the legal presumption of innocence of crime and proof of good character, when proven; but, after all, it must be, against all

other evidence and presumptions, but a preponderance.   *Hill* v. *Goodyear*, 4 Lea, 233; *Bowman* v. *McBee*, 5 Pickle, 132.

The judgment must be reversed, and the case remanded for a new trial.