EDWARD WAGNER V. STATE OF NEBRASKA.

FILED DECEMBER 30, 1925.   No. 24798.

1. **Criminal Law:** MOTOR VEHICLES: INFORMATION. Sections 8392
and 8396, Comp. St. 1922, regulating vehicles on highways, con-
strued in connection with the information based thereon, and
*held*, that as it does not allege that defendant operated the auto-
mobile "at a rate of speed greater than is reasonable and
proper, having regard for the traffic and use of the road and
the condition of the road," nor that it was operated in a road,
or the equivalents thereof, such information does not charge
either a misdemeanor or a felony under such sections.

2. **Evidence** examined, and found insufficient to support the verdict.

ERROR to the district court for Richardson county: JOHN
B. RAPER, JUDGE. *Reversed and dismissed.*

*John C. Mullen,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMP-
SON and EBERLY, JJ.

THOMPSON, J.

This case comes here on petition in error from the dis-
trict court for Richardson county, where Edward Wagner,
hereinafter called defendant, was tried upon the informa-
tion below quoted, and the plea of not guilty thereto. Omit-
ting the formal parts, the information charges:

Defendant "did then and there unlawfully and feloniously
drive and operate a motor vehicle, to wit, a Studebaker auto-
mobile, at a greater rate of speed than thirty-five (35)
miles per hour, to wit, more than fifty (50) miles per hour
within the city of Falls City within said county and state
and in so recklessly and carelessly driving and operating
said automobile collided with and struck one Otto Gurschke,
by reason of which the said Otto Gurschke was seriously
injured in that his skull was thereby fractured and he sus-
tained other serious and painful injuries."

Defendant was found guilty, and a fine of $500 imposed.

Several alleged errors are relied upon for reversal, but we find it necessary to consider only two of them, namely: That the information fails to charge an offense under the statute; the verdict is not sustained by the evidence.

Does the information charge an offense? A motion to quash on the ground that it does not charge an offense was made by defendant and was overruled. It is admitted that the sections of the statute necessary for our consideration are sections 8392 and 8396, Comp. St. 1922, that part of the former material to this case being as follows:

"No person shall operate a motor vehicle on any highway outside of a city or village at a rate of speed greater than is reasonable and proper, having regard for the traffic and use of the road and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person, nor in any case at a rate of speed exceeding thirty-five miles per hour; and within any city or village no motor vehicle shall be operated at a rate of speed greater than is reasonable and proper, having regard of the traffic and use of the road and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person."

Section 8396, *supra,* reads as follows: "The violation of any of the provisions of this article (Motor Vehicles, art. IV) shall be deemed a misdemeanor punishable by a fine of not exceeding fifty dollars for the first offense, and punishable by a fine of not less than fifty dollars nor more than one hundred dollars, or imprisonment not exceeding sixty days in the county jail for each subsequent offense, or both fine and imprisonment; provided, however, if any person operating a motor vehicle in violation of the provisions of this article shall by so doing seriously maim or disfigure any person or cause the death of any person or persons, he shall upon conviction thereof be fined not less than two hundred dollars nor more than five hundred dollars, or be imprisoned in the penitentiary for not less than one year or more than ten years."

Under section 8396, *supra,* the crime is the doing of the

thing charged in the road, meaning public highway, street, or alley.  Neither of these words appear in the information, nor their equivalents.  The alleged acts might have occurred on defendant's own premises, or on premises lawfully possessed by him, or on a private way, so far as reflected by it.  The statute is plain, and its words defining the essential elements of the crime, or the equivalent thereof, must be contained in the information.

It will be noticed that the information alleges that defendant committed the crime "within the city of Falls City," but nowhere charges, as it must, that such speed of "more than fifty miles per hour" was "greater than is reasonable and proper, having regard of the traffic and use of the road and condition of the road," or "at a rate of speed such as to endanger the life or limb of any person."  These words of the statute, or the equivalent thereof, must be contained in the information.

From the foregoing it will be seen that the information fails to charge either a misdemeanor or a felony.

As to the second assignment of error, a careful examination of the entire record discloses that the verdict of the jury is without evidence to support it.

The judgment of the district court is reversed, and the cause dismissed.

REVERSED AND DISMISSED.

Note—See (1) 28 Cyc. p. 49.