STATE Ex Rel. CALLAHAN *v.* SECOND JUDICIAL DISTRICT COURT, in and for Humboldt County, Et Al.

No. 2989

January 30, 1933.                    18 P.(2d) 449.

*Geo. E. McKernon* and *Harlan L. Heward,* for Petitioner:

*Le Roy F. Pike*, for Respondents:

## OPINION

By the Court, DUCKER, J.:

This is an original proceeding in prohibition. Petitioner was charged with a public offense in a written complaint in the municipal court of the city of Reno, Nevada. The charging part of the complaint was that he "committed the crime of unlawfully operating an automobile while in an intoxicated condition in Reno, Nevada." He was tried in said court, found guilty, and appealed to said Second judicial district court. A demurrer and motion to dismiss the complaint were filed, but were not argued or called to the attention of the court by counsel for petitioner. He was tried in the district court, and the jury disagreed. An amended motion to dismiss was filed and argued. The motion was denied by the court and the city attorney was allowed at his request to file an amended complaint. The case was reset for trial. The complaint as amended in the charging part reads as follows: " * * * Unlawfully driving and having control of a vehicle, to-wit, an automobile, on a public street in the City of Reno, while in an intoxicated condition."

Section 9 of City Ordinance No. 431 of the city of

Reno, Nevada, provides as follows: "Section 9. *Intoxicated persons:* It shall be unlawful for any person while in an intoxicated condition, or under the influence of intoxicating liquor, to ride or drive any animal, or to have charge or control of any animal or vehicle in a public street."

The petitioner seeks the writ of prohibition to prevent his trial in the district court upon the ground that said court has no jurisdiction by reason of fatal defects in the complaint. His first contention is that the complaint is fatally defective in being entitled "City of Reno, plaintiff," against the petitioner, instead of "The State of Nevada," etc. He contends also that the municipal court had no jurisdiction to render a judgment, because the complaint failed to state a public offense; hence the appellate district court acquired no jurisdiction to try him; and that the granting of permission to amend the complaint in a matter of substance was beyond the jurisdiction of the appellate court.

██ It will be seen, by referring the complaint in the municipal court and the complaint as amended in the district court to the ordinance, that the amendment is one of substance. The complaint, by omitting to charge that the operation of the automobile was in a public street, failed to state an essential element of the public offense defined by the ordinance. In so far as the complaint shows to the contrary, the automobile might have been driven upon the petitioner's own premises or other places in the city of Reno than on a public street. If the public character of the place is an element of the offense defined by ordinance, the complaint should show that the place was of such a character. 43 C. J. 463. See, also, Wagner v. State, 114 Neb. 171, 206 N. W. 732, 733. The court in that case said: "Under section 8396, supra, the crime is the doing of the thing charged in the road, meaning public highway, street, or alley. Neither of these words appear in the information, nor their equivalents. The alleged acts might have occurred on defendant's own premises, or on premises lawfully possessed by him, or on a private way, so far as reflected by it.

The statute is plain, and its words defining the essential elements of the crime, or the equivalent thereof, must be contained in the information."

It was held, therefore, that the information did not charge a misdemeanor.

In Re Worthington, 21 Cal. App. 497, 132 P. 82, the court held as follows: *"Per Curiam.* It appearing to the court that the act which petitioner is charged with having violated is one entitled 'An act governing the use of automobiles upon public highways,' and it not being averred in the complaint that the defendant used or operated his automobile upon a public highway, the complaint failed to state any public offense, and for that reason it is ordered that petitioner be discharged. * * * "

We are of the opinion that the complaint in the municipal court in this case did not charge an offense. This being so, could the district court acquire jurisdiction on appeal? Counsel for respondents insist that it did, because the fact that the complaint failed to state an offense did not deprive the lower court of jurisdiction, and that the district court had authority to allow the amendment by virtue of statutory provisions.

Several decisions from other jurisdictions have been cited by counsel for respondents which support his contention that the jurisdiction of a court in a criminal case does not depend upon the sufficiency of the complaint, information, or indictment, as the case may be. In regard to this point, and without undertaking to decide it, we refer to the following cases in our own jurisdiction: In Re Waterman, 29 Nev. 288–298, 89 P. 291, 11 L. R. A. (N. S.) 424, 13 Ann. Cas. 926; Ex Parte Davis, 33 Nev. 309–313, 110 P. 1131; Eureka County Bank Habeas Corpus Cases, 35 Nev. 80–105, 126 P. 655, 129 P. 308.

■ We deem it unnecessary to determine the questions, for we are of the opinion that if, under the circumstances of this case, the district court has no jurisdiction, the remedy of habeas corpus is available to petitioner. Ex Parte Greenall, 153 Cal. 767, 96 P. 804. Such remedy would be plain, speedy, and adequate.

The writ of prohibition should be denied. The alternative writ of prohibition heretofore issued in this case is vacated, and the peremptory writ asked for denied.

### ON PETITION FOR REHEARING

March 6, 1933.

*Per Curiam:*

Rehearing denied.