GUIDI *v.* CITY OF MEMPHIS.

*(Jackson,* April Term, 1953.)

Opinion filed July 17, 1953.

Rehearing denied December 11, 1953.

14

Mary Guidi, of Memphis, for plaintiff in error.

Frank B. Gianotti, Jr., City Attorney, William C. Bateman and Jesse M. Vineyard, Assistant City Attorneys, all of Memphis, for defendant in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiff in error was arrested on June 15, 1952, upon a warrant, issued by the Clerk of the City Court of Memphis, which charged him with "the offense of Vio. Sec. 1683 Exceeding the Speed Limit within the City of Memphis." He was tried in the City Court upon said warrant on the following day and judgment entered as follows: "Judgment that the defendant pay a fine of $20.00 or be committed to the City Jail or Workhouse until the same is worked out, paid or secured according to law", signed Carl N. Stokes, City Judge. An appeal was prayed and granted to the Circuit Court, and a default judgment taken against him.

Following the entry of the default judgment counsel for the defendant moved the court in arrest of judgment on the ground that "the warrant issued herein, the foundation and basis of this action, is legally and fatally defective on its face and void and no valid judgment can or may be predicated thereon." In support of this motion contention was made that it is void for "failing to legally state any claim or demand by the City of Memphis against the defendant giving the defendant no notice of what he is called upon to meet or answer." The motion was overruled and an appeal prayed and granted to this Court.

The only assignment of error raises the single question of whether or not the warrant charges an offense, and, if so, is the language used sufficient to enable the defendant to make a proper defense thereto.

Counsel stresses the insistence that no fact is alleged which gives meaning to the words, "Sec. 1683 Exceeding Speed Limit" and hence the warrant is void on its face; that it charges no offense.

Counsel for defendant relies upon *Memphis St. Ry. Co.* v. *Flood,* 122 Tenn. 56, 113 S. W. 384, and *Nashville, C. & St. L. R. Co.* v. *Davis,* 127 Tenn. 167, 154 S. W. 530, as sufficient controlling authority to justify a reversal of the case. Of course, other authorities are cited on the brief. But the foregoing are urged upon us as leading cases. and decisive of the question.

The summons in the Flood Case [122 Tenn. 56, 113 S. W. 385]' commanded the defendant Street Railway Company " 'to appear before me or some other justice of the peace in and for said County, to answer Miss Carrie Flood in a plea of damages under $500.00.' " The summons in the Davis case commanded the N. C. & St. L. Ry. Co. to appear and answer " ' * * * in a civil suit upon damages for personal injuries. Under $500.00.' " In both of these cases the warrants were held to be fatally defective as not having sufficient allegations of the alleged wrong to give notice to the defendant "of what he was called upon to answer." In *Railroad* v. *Davis,* supra, the Court points out that on the face of this warrant there is no notice to defendant of the time when, the place where or the agency by which the personal injury was committed. In deciding that the warrant was void on its face the Court used the following language:

"Mere defects, imperfections, and incorrectness of statement, where, notwithstanding such as they may

be, the warrant gives the notice required by law, are cured by verdict; but verdict does not cure where no cause of action is stated. In such case there is in law no warrant, and the so-called verdict based upon the supposed warrant is in law no verdict. The whole proceeding is void; and the law so treats it from warrant to verdict and judgment. *Railroad* v. *Flood,* supra, and authorities cited.''

The two cases relied on by counsel are easily distinguishable from the case at bar. There is no difficulty as to the controlling principle of law in the case now before us. It is settled law that a defendant in all cases is entitled to know the nature of the case against him to the end that he is able to make proper defense. But language used in this warrant is not to be given a strained and unreasonable construction. Thus in Caruthers History of a Lawsuit, Gilreath's Revision, Seventh Edition, Sec. 108, p. 114, it is said:

''The declaration should state the cause of action clearly, explicitly, and briefly.

''But how clear and explicit must the statement be? No more than to convey a 'reasonable certainty of meaning,' and 'by a fair and natural construction,' to show a substantial cause of action. No cavil, or straining, or criticism, is to be allowed as ground of exception, if the statement is intelligible enough, according to the ordinary meaning of the language used.''

Had the warrant merely charged the defendant with the violation of a certain numbered section of the traffic laws of Memphis, and nothing more, it would have been fatal.

There is no merit in the insistence of counsel that the statement or charge in the warrant ''Exceeding

Speed Limit'' is a mere conclusion of law. On the contrary it is a clear and intelligible statement of a fact, i. e., that the defendant was violating the traffic laws of the City of Memphis and named a specific offense. Moreover we think the language in the warrant is sufficient notice to the defendant that he was arrested for exceeding the speed limit as fixed by the laws and ordinances of the City of Memphis. We are justified in the assumption that the defendant was driving an automobile when he was arrested and held a driver's license which authorized him to operate it. It is not unreasonable to suppose that operators of motor-propelled vehicles in Memphis and Shelby County are fully cognizant of all traffic laws in said city, including the limit as to the speed of such vehicles.

██ Something is said in argument that the trial judge took cognizance of the provisions of ''Sec. 1683'' in overruling the defendant's motion to suspend the judgment. There is nothing in the record disclosing what he had to say about it. Whether he did or did not take judicial cognizance of the provisions of the traffic ordinance of Memphis is wholly immaterial. While the general rule is that ordinances or bylaws of municipalities are not judicially known to courts having no special function to enforce them, there is respectable authority to the effect that ''judicial notice may be taken of a city ordinance where there is an admission of the existence thereof by counsel, or where the existence of the ordinance is so generally known that the court may notice it as a matter of common knowledge.'' 31 C. J. S., Evidence, Sec. 27, p. 541.

Suffice it to say that all persons who plead ignorance of such laws should have their driver's license revoked. We think it is unreasonable, not to say frivolous, to insist

that for the warrant in the case at bar to be valid it should spell out the traffic ordinance of the city, especially as to speed of automobiles, the time and place and zone where speed limits are fixed and are in effect.

The assignment of error is overruled, and the judgment of the trial court is affirmed. The case is remanded for enforcement of the judgment.

## On Petition to Rehear.

Counsel for Louis E. Guidi has petitioned the Court for a rehearing on the ground that the city warrant, which was the basis of his arrest for violating the traffic ordinances of Memphis, charges no offense. This was the sole issue upon the original hearing and ruled adversely to the contention of the petitioner. But counsel insists upon a rehearing by citing additional authorities from foreign jurisdictions, and also upon what is claimed to be a new argument to the effect that the warrant failed to charge the petitioner with "exceeding the speed limit upon a *public street* in the City of Memphis."

The argument is made that the warrant should have given the name of the street, or street corners, by proper designation, or a "turn in the street" where the rate of speed "shall not exceed ten miles per hour", all of which was necessary for petitioner to know the nature of the offense charged against him, otherwise the warrant charges no offense.

The numerous cases cited on the supporting brief are criminal cases and involve the sufficiency of criminal warrants, or "informations". The principal case relied on is *Wagner* v. *State,* 114 Neb. 171, 206 N. W. 732, 733, where the "information" charged that the accused " 'did then and there unlawfully and feloniously drive and operate a motor vehicle to wit a Studebaker automobile

at a greater speed than thirty-five (35) miles per hour, to wit more than fifty (50) miles per hour within the city of Falls City' '' etc., resulting in the serious injury to one Otto Gurschke. The case seems to have been reversed because the "information" failed to charge a criminal offense *as defined by the statute.* "The statute is plain," says the Court, "and its words defining the *essential elements* of the crime, or the equivalent thereof, *must be contained in the information.*" (Emphasis ours.) The Court further found "that the verdict of the jury is without evidence to support it." Other cases cited by counsel appear to express the same general view, the "information" or indictment in each case being strictly construed.

But these cases cannot be considered as controlling authority in this State. They are not in line with our rules of practice and procedure and are contrary to our own decisions relating to alleged insufficiency of indictments.

■ "Constitutional and statutory provisions requiring all prosecutions to be in the name of the state, or people, are generally construed as relating alone to criminal proceedings for violations of state laws, and not to the recovery of penalties under municipal ordinances. The prevailing judicial view is that cases of violation of ordinances are not criminal prosecutions, but are merely penal actions on the part of the local corporation and have for their object the vindication of their own domestic regulations". McQuillin on Municipal Corporations, 3rd Ed., Vol. 9, Sec. 27.07, p. 565.

The foregoing text is with very few exceptions the law everywhere. It was decided by this Court well nigh a hundred years ago that a proceeding for the violation of a municipal ordinance is not a criminal prosecution but a civil action. *Meaher* v. *Mayor of City of Chattanooga,*

38 Tenn. 74; *City of Sparta* v. *Lewis,* 91 Tenn. 370, 23 S. W. 182; *City of Memphis* v. *Smythe,* 104 Tenn. 702, 58 S. W. 215; *State* v. *Mason,* 71 Tenn. 649; *J. W. Kelly & Co.* v. *Conner,* 122 Tenn. 339, 123 S. W. 622, 25 L. R. A., N. S., 201; *City of Nashville* v. *Baker,* 167 Tenn. 661, 73 S. W. (2d) 169. In some cases the action is spoken of as a "quasi-criminal proceeding," the offense charged in the warrant being against both the municipality and a state law. *O'Haver* v. *Montgomery,* 120 Tenn. 448, 456, 111 S. W. 449.

■ In the case at bar the offense charged in the warrant, if any, is denounced only by an ordinance of the city. It results that we must consider the assailed warrant only as a civil process.

The warrant was not questioned by the petitioner upon any ground until after judgment was pronounced and entered upon the minutes of the circuit court, to which it had been appealed from the city court. The law which supports the trial court's action in overruling the motion in arrest of judgment is clearly stated in the History of a Lawsuit (Gilreath's Revision, 7th Ed.), Section 426, p. 463, as follows:

"An entire omission to state facts showing a cause of action is not cured by the verdict, for in such case there would be no ground or foundation on which to render judgment, but a defective or imperfect statement of such facts not objected to before verdict is cured by it. It is alone for material defects that the judgment may be arrested. It will not be done for matters of form, for these may be cured by amendments in favor of the judgment by the court rendering it, or by the court to which it may be removed if substantial justice requires it."

▉▉▉▉ A warrant will not be held insufficient because not setting out an ordinance claimed to have been violated where no objection was made to it in any particular in the trial court until after judgment is rendered on the merits. *Aizenshtatt* v. *Mayor and Aldermen of City of Jackson,* 1 Tenn. Civ. App. 805. Moreover our own cases as well as many from foreign jurisdictions, support the proposition that technical nicety of pleading is not required in a warrant charging the violation of a municipal ordinance. History of a Lawsuit, supra; *City of Sheridan* v. *Litman,* 32 Wyo. 14, 228 P. 628; *Ex parte McElroy,* 241 Ala. 554, 4 So. (2d) 437; *Grissett* v. *City of Birmingham,* 236 Ala. 110, 181 So. 302. The only requirement is that the accused be given reasonable notice of the nature of the ordinance alleged to have been violated. Whether the warrant in this case be considered as a civil or criminal process it meets the requirements of the law in that the petitioner was given due notice of the cause of his arrest and what he had to defend.

The petition to rehear is denied.