659 P.2d 779

**James Emery PROCTOR, Petitioner-Appellant,**

v.

**Blaine SKINNER, Sheriff of Bonneville County and Jerry K. Woolf, Bonneville County Prosecuting Attorney, Defendants-Respondents.**

**No. 13630.**

Court of Appeals of Idaho.

Dec. 28, 1982.

Kenneth F. White, Nampa, for petitioner-appellant.

David H. Leroy, Atty. Gen., Lynn Thomas, Sol. Gen., Timothy M. Walton, Deputy Atty. Gen., Boise, for defendants-respondents.

BURNETT, Judge.

■ When a sister state demands that Idaho extradite a fugitive from justice, the demanding state must furnish our Governor authenticated copies of documents which "substantially charge the person demanded with having committed a crime under the law of that state." I.C. § 19–4503. In this appeal we are asked to interpret the phrase, "substantially charge."

The State of Nevada has accused James Proctor of failing to appear in a Nevada court, for a jury trial on another charge, after being admitted to bail. Such failure to appear, commonly called bail jumping, is defined as a crime by § 199.335 of the Nevada Revised Statutes. While Proctor was detained in Idaho, a Governor's warrant was procured for his arrest and extradition. The documents sent to the Governor of Idaho included authenticated copies

of the criminal complaint, a supporting affidavit, and a warrant of arrest issued by a Nevada judge.[1] Proctor applied to the district court in Idaho for a writ of habeas corpus, challenging the sufficiency of documents submitted by the State of Nevada. The writ was issued and several hearings ensued. The district court ultimately quashed the writ of habeas corpus, clearing the way for Proctor to be extradited. We affirm.

Although numerous issues were raised in the district court, the sole question posed on appeal is whether the Nevada complaint "substantially" charges Proctor with the crime of failing to appear. The question is two-dimensional. It relates both to the underlying merits of the charge and to whether the allegations stated in the complaint are sufficient to charge a crime under Nevada law. We examine each aspect in turn.

I

■ Our review of the merits of the charge is severely constrained. Except to ascertain the identity of the person in its custody, Idaho—the asylum state in this case—has no authority to inquire into the guilt or innocence of the accused. I.C. § 19–4520. This statutory limitation is rooted in the Extradition Clause of the United States Constitution,[2] which creates a summary and mandatory executive process for bringing alleged offenders to trial as swiftly as possible in the states where the charged offenses were committed. *Biddinger v. Commissioner of Police*, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917). However, detention of an individual, in response to a demand for extradition, represents a significant restraint upon personal liberty. The Fourth Amendment, applicable to the

---

1. The complaint cites N.R.S. § 199.335 and charges that Proctor:

    willfully, unlawfully and feloniously, [after being admitted to bail] fail[ed] to appear at the time and place required by the order admitting him to bail, ... wherein [he] was to appear for his ... trial in the Sixth Judicial District Court of the State of Nevada, in and for the County of Pershing, on August 17, 1976.

2. Art. IV, § 2, cl. 2, of the United States Constitution provides:

    A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the Crime.

states through the Fourteenth Amendment, requires a timely judicial determination of probable cause when such pretrial restraint occurs. *See Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Thus, a tension exists between the Extradition Clause and the Fourth Amendment.

This tension proved vexing to the Idaho Supreme Court in *Jacobsen v. State,* 99 Idaho 45, 577 P.2d 24 (1978). The principal opinion in that case rejected the suggestion that an asylum state is obliged to determine whether the demanding state's charge is supported by probable cause. Four justices concurred only in the result. Those who wrote separate opinions stated that their concurrences were founded upon the fact that probable cause had been established in the demanding state, as part of the charging process. The same justices later formed a majority in *Struve v. Wilcox,* 99 Idaho 205, 579 P.2d 1188 (1978), *cert. denied,* 439 U.S. 1123, 99 S.Ct. 1037, 59 L.Ed.2d 84 (1979), holding that a prerequisition warrant issued by an Idaho court, detaining an individual until the Governor's warrant is issued, requires a probable cause hearing.

■ A synthesis of the constitutional directives was achieved by the United States Supreme Court in *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), decided after *Jacobsen* and *Struve.* The Supreme Court implicitly held that detention for extradition invokes a requirement of probable cause, but said this requirement could be satisfied in the demanding state:

> In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination. [439 U.S. at 290, 99 S.Ct. at 536.]

■ As noted above, the record in this case discloses that a Nevada judge has issued an arrest warrant based upon a criminal complaint which, in turn, is supported by an affidavit. Under § 171.106 of the Nevada Revised Statutes, such warrants are to be issued upon determinations of probable cause. The regularity of proceedings in a demanding state is presumed.

*Michigan v. Doran,* 439 U.S. at 289–90, 99 S.Ct. at 535. In this case, Proctor has made no affirmative showing that the arrest warrant was issued in violation of procedural requirements imposed by Nevada law. Accordingly, we hold that Proctor has been "substantially" charged, in the sense that probable cause has been established.

## II

■ We turn next to the contention that Nevada's complaint, footnoted *supra,* does not contain allegations sufficient to charge a crime under Nevada law. Specifically, Proctor urges that the complaint, charging failure to appear, is fatally defective because it does not recite that he had been given notice of the time and place of the trial which he failed to attend. He invites attention to a Nevada decision in *State v. Second Judicial District Court,* 54 Nev. 377, 18 P.2d 449 (1933), holding that a complaint, which charged a defendant with operating a motor vehicle while intoxicated, was defective for lack of an allegation that the conduct occurred on a public street. Proctor is entitled to urge this point in Nevada, but we cannot consider it here.

■ A complaint or other charging document submitted with an extradition request need not allege commission of every element essential to the crime. *Jacobsen v. State, supra,* 99 Idaho at 49, 577 P.2d at 29. It is not tested by technical rules of pleading. With respect to the sufficiency of allegations, we hold that a defendant subject to extradition has been "substantially" charged if the charging document cites the law allegedly violated in the demanding state, and reasonably informs the defendant of the conduct asserted to represent the violation. *See* cases collected in Annot., 40 A.L.R.2d 1151, 1159 (1955). The Nevada complaint is sufficient in this respect. Proctor's claim, that Nevada law requires an allegation of notice, raises a matter of defense; and it falls outside the scope of our restrained inquiry. *See Kerr v. Watson,* 103 Idaho 478, 649 P.2d 1234 (Ct.App. 1982).

The order of the district court, quashing the writ of habeas corpus, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.