IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 26, 2017

**CITY OF CHURCH HILL v. ROGER ELLIOTT**

**Appeal from the Circuit Court for Hawkins County**
**No. 2016CV124    Alex E. Pearson, Judge**

_____

**No. E2016-01915-CCA-R3-CD**
_____

Roger Elliott ("the Appellant") was found guilty of "improper passing" by the city judge of the Municipal Court of Church Hill and appealed to the circuit court. In a trial de novo, the Appellant was found guilty of violating Tennessee Code Annotated section 55-8-118 and was fined twenty-five dollars. Because the Appellant was found guilty in municipal court of violating a municipal ordinance, a civil offense; the subject matter jurisdiction of the circuit court in the trial de novo was limited to a violation of the municipal ordinance. The circuit court erred in finding the Appellant guilty of violating a state criminal statute. The judgment of the circuit court is reversed, and the case remanded for a new trial to determine if the Appellant violated a municipal ordinance of the City of Church Hill.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Roger Elliott, Church Hill, Tennessee, Pro Se.

William E. Phillips, Rogersville, Tennessee, for the appellee, City of Church Hill.

Shelly L. Wilson, Knoxville, Tennessee; Rebecca Ketchie, Kingsport, Tennessee; Jason H. Long, Knoxville, Tennessee; Edward D. Lanquist and Allan F. Ramsaur; Nashville, Tennessee, for the Amicus Curiae, Tennessee Bar Association.

# OPINION

## PROCEDURAL HISTORY

### Proceedings in Municipal Court

From the very limited record before us, we can discern that Roger Elliott ("the Appellant") was issued a "Misdemeanor Citation" for "improper passing"[1] by Church Hill Police Officer K. Grigsby. The citation commands the Appellant to appear in the Municipal Court of Church Hill at 8:00 a.m. on January 20, 2016.[2] Based upon handwritten notations on the citation, the Appellant arrived late for court, Officer Grigsby had already left, and the case was reset. Following a bench trial on February 17, 2016, the matter was reset to March 16, 2016, "for decision after research." Under the section of the citation titled "Judgment" is written "Improper Passing found guilty," the signature of the municipal judge, and the date March 16, 2016. At two places on the citation, "$124" is handwritten.

### Proceedings in Circuit Court

The Appellant timely appealed to the Circuit Court for Hawkins County. The Appellant filed a motion for summary judgment on July 25, 2016. In the "Memorandum of Law" section of the motion, the Appellant states: *"Ludwick v. Doe*, 914 S.W. 2d 522 (Tenn. Ct. App. 1995) emphasizes that Tennessee Code Annotated § 55-8-118 permits the safe use of any paved part of the roadway, not just the main-traveled part, to pass safely right of a left-turning vehicle." Chronologically, this is the first reference to § 55-8-118 that appears in the record. The record does not contain an order ruling on the motion for summary judgment.

Following a bench trial on September 19, 2015, the circuit court issued a one-page order which provided:

> On December 20, 2015, at approximately 9:55 PM, [the Appellant] *violated the provisions of TCA 55-8-118 (b)* by failing to safely pass a stopped vehicle, at the intersection of Main Street and Central Avenue in Church Hill, TN. After a bench trial, the Hon. Allen Coup found [the Appellant] guilty of violating said statute and his judgment was rendered on

---

[1] The citation does not include a numeric reference to a Church Hill ordinance or state law.

[2] The Misdemeanor Citation has three boxes, and by checking the appropriate box, a cited individual can be commanded to appear in the Municipal Court of Church Hill, the General Sessions Court of Hawkins County, or Juvenile Court.

March 16, 2016. Following a trial de novo, Judge Alex Pearson found on Sept. 19, 2016, that *beyond a reasonable doubt*, defendant had violated the aforemention[ed] statute, again following a bench trial testimony of one witness, and argument of counsel. [The] Appellant's fine is reduced to $25.00 and court costs are taxed to the bond.

(Emphasis added).[3]

## Appeal to the Court of Appeals

On September 20, 2016, the Appellant filed a timely Notice of Appeal from the September 19, 2016 judgment of the circuit court to the "Court of Appeals (Civil)." The Court of Appeals determined that "[b]ecause [the Appellant] was charged and found guilty of violating a state statute, rather than a municipal ordinance, we conclude that we are without subject matter jurisdiction to consider this appeal" and transferred the matter to the Court of Criminal Appeals. *City of Church Hill v. Roger Elliott,* No. E2016-01915-COA-R3-CV, 2017 WL 658264, at *1 (Tenn. Ct. App. Feb. 17, 2017).

## Court of Criminal Appeals

After the case was transferred to our court, the Tennessee Bar Association filed a Motion to File Brief of Amicus Curiae. The Appellant filed a response opposing the filing of the amicus curiae brief. By order entered April 6, 2017, our court granted leave to file the amicus curiae brief. The Appellant's brief and reply brief and the Appellee's brief were filed in the Court of Appeals before the case was transferred.

## ANALYSIS

The Appellant presents one issue for review: "Is passing right of a stopped left-turn-signaling vehicle unlawful because it, or any other vehicle, could suddenly turn toward the passing-on-the-right vehicle?" The Appellant argues that "Tennessee permits driving on any paved part of the roadway to pass on the right of a left-turn-signaling

---

[3] The record does not include a transcript of the trial. The "Statement of the Evidence" (the Statement) filed by the Appellant does not comply with TRAP 24(c). The Statement is not a "substantially verbatim recital . . . of the evidence or the proceedings" and does not "convey a fair, accurate, and complete account of what transpired . . . ." In fact, the Statement does not include any summary or recitation of the testimony presented at trial. The Statement references a "police video," which we assume is a compact disc (CD) that was filed as Exhibit 1 in the appellate record. According to the Appellee's brief, the CD was not made an exhibit at trial. Nevertheless, the Appellee does not object to the CD being considered as part of the appellate record.

- 3 -

vehicle." The Appellee, the City of Church Hill, claims that the circuit court properly found that the Appellant violated the state statute. The Amicus Curiae raises three issues:

1. There is inconsistent treatment of appeals from municipal courts.

2. Jurisdiction over appeals from municipal court lies in the Court of Appeals.

3. Notice is provided when a citation written to invoke municipal court jurisdiction cites the description of the alleged offense sufficient to allow the offender to prepare a defense.

The Amicus Curiae claims that "[g]iven the nature of the cases in municipal courts and the limitations on the jurisdiction of municipal courts, all appeals originating from municipal courts appealed in circuit court and then appealed to the higher court fall under the jurisdiction of the Court of Appeals and not the Court of Criminal Appeals."

The record is insufficient to address the Appellant's claim. We disagree with the Appellee. Concerning the issues raised by the Amicus Curiae, we note that the appeal in this case was handled in a manner that is consistent with this opinion and the opinion of the Court of Appeal, we determine that the jurisdiction over appeals from municipal court is determined by whether or not the municipal court has jurisdiction over state criminal violations, and we determine that a citation is sufficient if "the accused be given reasonable notice of the nature of the ordinance alleged to have been violated." *Guidi v. City of Memphis*, 263 S.W.2d 532, 536 (Tenn. 1953).

## Establishment of Municipal Courts

Article 6, § 1, of the Tennessee Constitution provides:

The judicial power of this state shall be vested in one Supreme Court, and in such circuit, chancery and other inferior courts as the Legislature shall from time to time, ordain and establish; in the judges thereof, and in justices of the peace. The Legislature may also vest such jurisdiction in corporation courts as may be deemed necessary. Courts to be holden by justices of the peace may also be established.

"[W]hile ordinarily the jurisdiction of municipal courts is limited to cases involving violations of municipal ordinances, it may be extended by the Legislature to cases arising under the state law. The Legislature may establish courts and determine their jurisdiction, when not forbidden by the Constitution." *Moore v. State*, 19 S.W.2d 233, 233 (Tenn. 1929). Municipal courts may "exist[] pursuant to general statute, local

law, private act, charter provision, municipal law, municipal ordinance or other legal authorization." Tennessee Code Annotated section 16-18-301(b)(2).

## Jurisdiction over Municipal Laws and Ordinances

The Municipal Court Reform Act of 2004 is codified at Tennessee Code Annotated section 16-18-301, *et seq*. Section 16-18-302 sets forth the jurisdiction of municipal courts. Section 16-18-302(a) provides:

> For any municipality that does not have, on May 5, 2009, a municipal court that was ordained and established by the general assembly, a municipal court is created to be presided over by a city judge.

> Notwithstanding any law to the contrary:

> (1) A municipal court possesses jurisdiction in and over cases:

>  (A) For violation of the laws and ordinances of the municipality; or

>  (B) Arising under the laws and ordinances of the municipality; and

> (2) A municipal court also possesses jurisdiction *to enforce any municipal law or ordinance* that mirrors, substantially duplicates or incorporates by cross-reference the language of a state criminal statute, if and only if the state criminal statute mirrored, duplicated or cross-referenced is a Class C misdemeanor and the maximum penalty prescribed by municipal law or ordinance is a civil fine not in excess of fifty dollars ($50.00).

Tenn. Code Ann. § 16-18-302(a) (emphasis added).

Attached to the amicus curiae brief is a copy of the title page of Title 11 of the municipal code of Church Hill.[4] Chapter 1, "Misdemeanors of the State Adopted," provides in Section 11-101:

> Adoption of state traffic statutes. By the authority granted under Tennessee Code Annotated, § 16-18-302, and Tennessee Code Annotated, § 55-10-307, the City of Church Hill adopts by reference as if fully set forth

---

[4] This single page from the Municipal Code of the City of Church Hill is the only document in the record from which we can determine the jurisdiction of the Municipal Court of Church Hill.

in this section, the "Rules of the Road," as codified in Tennessee Code Annotated, §§ 55-8-101 through 55-8-131, §§ 55-8-133 through 55-8-150, and §§ 55-8-152 through 55-8-180. Additionally, the City of Church Hill adopts Tennessee Code Annotated, §§ 55-8-181 through 55-8-193, §§ 55-9-601 through 55-9-606, § 55-12-139, and § 55-21-108 by reference as if fully set forth in this section.

A footnote to the title "Municipal Offenses" of Title 11 states, "Municipal code references . . . Traffic offenses: title 15." If there is a specific Church Hill ordinance for improper passing, it is not included in the appellate record.

Because the City of Church Hill adopted the state traffic statutes as allowed by Tennessee Code Annotated § 16-18-302(a)(2), we determine that the Municipal Court of Church Hill's jurisdiction was limited by Tennessee Code Annotated § 16-18-302(a) to cases involving a violation of its laws and ordinances or arising under its laws and ordinances of the municipality and to cases involving any municipal ordinance "that mirrors, substantially duplicates or incorporates by cross-reference the language of a state criminal statute, if and only if the state criminal statute mirrored, duplicated or cross-referenced is a Class C misdemeanor and the maximum penalty prescribed by municipal law or ordinance is a civil fine not in excess of fifty dollars ($50.00)."

"[T]he violation of municipal ordinances have been considered civil for the purposes of procedure and appeal." *City of Chattanooga v. Myers*, 787 S.W.2d 921, 928 (Tenn.1990), *City of Chattanooga v. Davis,* 54 S.W.3d 248, 259 (Tenn. 2001). An appeal from a municipal court "acting pursuant to § 16-18-302(a)" is to "the circuit court of the county" in which the municipality is located. Tennessee Code Annotated § 16-18-307. If a defendant is found guilty of a violation of a municipal ordinance in a trial de novo in the circuit court, the appeal is to the Court of Appeals.

**Jurisdiction Over State Criminal Offenses**

Tennessee Code Annotated section 40-1-107 grants "[o]riginal jurisdiction of criminal actions" to "city judges of certain town and cities." However, our supreme court has held only municipal judges elected to an eight-year term meet the constitutional requirements to hear and decide state criminal law violations. *City of White House v. Whitley*, 979 S.W.2d 262, 263 (Tenn. 1998). Article VI, Section 4 of the Constitution of Tennessee provides that the

> Judges of the Circuit and Chancery Courts, and of other inferior Courts, shall be elected by the qualified voters of the district or circuit to which they are to be assigned. Every Judge of such Courts shall be thirty years of

- 6 -

age, and shall before his election, have been a resident of the State for five years and of the circuit or district one year. His term of service shall be eight years.

A municipal court is not an inferior court under Article VI, Section 4, if its jurisdiction is limited solely to a violation of municipal ordinances. For a municipal court to become an inferior court and thereby have jurisdiction over state criminal law, the municipal judge would be required to be popularly elected for an eight-year term. *See City of White House v. Whitley*, 979 S.W.2d 262, 265 (Tenn. 1998), *see also* Tennessee Code Annotated sections 16-18-201, -202, -203, -303(c), -311. Appeals from criminal convictions in a municipal court in which the judge is popularly elected for an eight-year term would be to the circuit or criminal court of the county in which the municipality is located, and the appeal from the circuit or criminal court would be to the Court of Criminal Appeals. *See, e.g.*, *State v. Elke Babette Paster*, No. W2014-00606-CCA-R3-CD, 2015 WL 376450, at *2 (Tenn. Crim. App. Jan. 28, 2015), perm. app. denied (Tenn. May 19, 2015); see also Tenn. Code Ann. § 16-5-108(a)(1) (jurisdiction of Court of Criminal Appeals extends to review of final judgments in criminal cases, both felony and misdemeanor).

In this case, the appeal to the circuit court was from the judgment of the municipal court finding the Appellant guilty of improper passing. Section 11-101 of the Church Hill Municipal Code did not bestow jurisdiction on its municipal court to try the Appellant for a Class C misdemeanor, and the municipal court did not try the Appellant for a violation of Tennessee Code Annotated section 55-8-118. Section 11-101 only provided the Church Hill Municipal Court jurisdiction "to enforce any municipal law or ordinance that . . . incorporates by cross-reference the *language* of a state criminal statute." *See* Tenn. Code Ann. § 16-18-302(a)(2). Although the difference may seem subtle, it is not. The violation of the language of a state criminal statute incorporated by cross-reference into a municipal ordinance is civil, whereas the violation of the state criminal statute itself is criminal. "The fact that the elements to be proven under state and local law are identical does not make the two interchangeable." *City of La Vergne v. Randall T. LeQuire*, No. M2016-00028-COA-R3-CV, 2016 WL 6124117, at *5 (Tenn. Ct. App. Oct. 19, 2016).

Based on the limited record before us, it appears that the circuit court intended to conduct a civil trial of the Appellant despite the inclusion in the circuit court order of the improper burden of proof. The fine assessed by the circuit court was less than the fifty dollars maximum allowed for a violation of a municipal ordinance[5], and the record does

---

[5] The "fifty-dollar fines clause," which constitutionally limits fines which are punitive in nature and applies to municipal ordinances, provides: "No fine shall be laid on any citizen of this State that shall

not contain a "Uniform Judgment Document," which is required to be filed for every conviction of a criminal offense pursuant to Rule 17, Rules of the Supreme Court and which is required by Tennessee Code Annotated section 40-35-209(e) to be completed within thirty (30) days after a sentence is imposed. However, by finding that the Appellant violated Tennessee Code Annotated section 55-8-118 rather than a Church Hill municipal ordinance, the proceeding became criminal whether the circuit court intended it to or not.

## Issues Raised by Amicus Curiae Brief

The jurisdiction of municipal courts in which the municipal judge is not elected to an eight-year term is limited to violations of municipal laws and ordinances, including ordinances which properly incorporate the language of state criminal statutes. An appeal from violation of a municipal ordinance is civil in nature and is to the circuit court in the county in which the municipality is located. An appeal from the circuit court is to the court of appeals. In municipalities in which the municipal judge is elected to an eight-year term, the municipal court has jurisdiction to try misdemeanor violations of state law. An appeal from a misdemeanor conviction is criminal in nature and is to the circuit or criminal court. An appeal from a conviction in circuit or criminal court is to the Court of Criminal Appeals.

Although we determine that a citation is sufficient if "the accused be given reasonable notice of the nature of the ordinance alleged to have been violated," *Guidi*, 263 S.W.2d at 536, the better practice, and one that if it had been used by the Church Hill officer in this case might have avoided the tortured appellate process that this case has and will continue to go through, is to include both the nature of the offense and the numerical reference to the municipal law or ordinance that an accused is alleged to have violated.

## CONCLUSION

Tennessee Code Annotated section 16-18-302 limits the jurisdiction of the Municipal Court of Church Hill to enforcement of its laws and ordinances. The jurisdiction is civil in nature.

The trial court erred in finding the Appellant guilty of a violation of Tennessee Code Annotated section 55-8-118, a Class C misdemeanor. The judgment of the circuit

---

exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars." Tenn. Const. art. VI, § 14.

court is reversed, and the case remanded for a new trial to determine if the Appellant violated a municipal ordinance of the City of Church Hill.

_____

ROBERT L. HOLLOWAY, JR., JUDGE